J-S23012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY WALKER | : | |
| | : | |
| Appellant | : | No. 1984 EDA 2025 |

Appeal from the Order Entered July 8, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 240102738

BEFORE: LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED JULY 22, 2026**

Anthony Walker appeals, pro se, from the order, entered in the Court of Common Pleas of Philadelphia County, granting the motion for summary judgment filed by Appellee, Nationstar Mortgage, LLC ("Nationstar"), in this mortgage foreclosure action. We quash.

The trial court set forth the factual and procedural history of this case as follows:

> On June 26, 2019, [Walker] executed and delivered a promissory note secured by a mortgage on property located at 6416 Vine Street, Philadelphia, PA 19139. The mortgage was executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Everett Financial, Inc., d/b/a Supreme Lending. The mortgage had an original principal amount of $98,188.00. The mortgage was recorded in the Office of the Recorder of Deeds for Philadelphia County as Document ID 53533107 on July 3, 2019. The mortgage was subsequently assigned to [Nationstar,] with the assignment being recorded on September 29, 2022, in the Office

_____

[*] Retired Senior Judge assigned to the Superior Court.

of the Recorder of Deeds for Philadelphia County as Document ID 54103224.

Nationstar filed this action in mortgage foreclosure on January 24, 2024. Nationstar claim[ed] that the mortgage is in default for failure to remit monthly payments as required beginning on August 1, 2023, and subsequent payments. Nationstar allege[d] that [] Act 6 Notice of Intention to Foreclose was sent. As of January 9, 2024, Nationstar allege[d] that the total amount due and owing [was] $94,502.72.

Walker filed an answer to the complaint on April 12, 2024. In his answer, Walker denie[d] that the mortgage [was] in default, without offering any evidence to support his assertion. Walker also denied receiving the Act 6 Notice[,] but again offered no evidence to dispute [Nationstar's] allegations. Walker denied the amount due and owing under the mortgage but offered no evidence to dispute the amount that Nationstar claims is due. Walker asserted in his answer that he did not believe Nationstar had standing to bring this action.

Nationstar filed [its] first motion for summary judgment on October 21, 2024. . . . [By] order dated January 13, 2025, and docketed January 14, 2025, this court denied Nationstar's motion without prejudice and provided Walker with various legal aid organizations that he could contact for legal assistance.

On May 6, 2025, Nationstar filed a second motion for summary judgment. Again, Nationstar alleged that Walker had defaulted on [the] mortgage. Nationstar alleged that the amount due and owing was now $105,439.44. Walker failed to respond to Nationstar's motion. On July 21, 2025, this court granted Nationstar's motion for summary judgment. Walker filed a [timely] notice of appeal on July 29, 2025.

Trial Court Opinion, 9/30/25, at 1-3 (unnecessary capitalization and citations to record omitted). The trial court did not direct Walker to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

"[A]lthough this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super.

2003) (citation omitted). To the contrary, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Vann v. Com., Unemployment Comp. Bd. of Review***, 494 A.2d 1081, 1086 (Pa. 1985) (citation omitted). Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Lyons***, 833 A.2d at 252.

Here, Walker's brief fails substantially to comply with the Pennsylvania Rules of Appellate Procedure. The brief does not contain a statement of jurisdiction, the order or other determination in question, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, or a summary of the argument. ***See*** Pa.R.A.P. 2111(a). While Walker baldly references numerous state and federal statutes and regulations, his brief is devoid of citations to the record or relevant case law. ***See*** Pa.R.A.P. 2119(b)-(c). Significantly here, where summary judgment was entered in favor of Nationstar after Walker failed to file a response to its summary judgment motion, Walker also fails to include a statement of the place of raising or preservation of issues. ***See*** Pa.R.A.P. 2119(e). "[A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted). Here, because Walker

has failed to comply in substantial respects with the Rules of Appellate

Procedure, we are unable to perform effective appellate review. ***See id.***;

Pa.R.A.P. 2101. Accordingly, we are constrained to quash the appeal.[1,2]

_____

[1] Even if we did not quash Walker's appeal, he would be entitled to no relief. It is beyond cavil that issues not raised in the trial court are waived for purposes of appeal. ***See*** Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal). "An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court." ***Commonwealth, Dep't of Transp. v. Boros***, 620 A.2d 1139, 1143 (Pa. 1993). Here, the trial court granted Nationstar's motion for summary judgment after Walker failed to file a response to the motion. Pennsylvania Rule of Civil Procedure 1035.3 provides, in relevant part, as follows:

> (a) [T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> >
> > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>
> . . .
>
> (d) **Summary judgment may be entered against a party who does not respond**.

Pa.R.C.P. 1035.3(a), (d) (emphasis added).

Where a motion for summary judgment has been filed, a non-moving party bears the same responsibility as in any proceeding—to raise all defenses or grounds for relief at the first opportunity. ***Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100, 1105 (Pa. Super. 2000). A party who fails to raise such defenses or grounds for relief may not later assert on appeal that the trial court erred in failing to address them. ***Id.***, citing

*(Footnote Continued Next Page)*

Appeal quashed.

_____

***Dollar Bank v. Swartz***, 657 A.2d 1242, 1245 (Pa. 2000) (plaintiff against whom trial court entered summary judgment could not challenge entry of judgment on basis of legal argument it failed to present to trial court).

Here, where Walker failed to raise any defenses to Nationstar's motion for summary judgment in the trial court, he is prohibited from raising them for the first time on appeal. ***Harber***, ***supra***. To the extent that Walker arguably may have preserved his challenge to Nationstar's standing by raising it in his answer to Nationstar's complaint, ***see*** Answer, 4/12/24, at ¶ 11, his conclusory appellate argument on the issue—containing no citations to the record or pertinent authority—results in waiver of the claim. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (brief must support claims with pertinent discussion, references to record, and citations to legal authorities; when defects impede our ability to conduct meaningful appellate review, we may dismiss appeal or find issue waived). Accordingly, we would affirm the order of the trial court.

[2] Finally, we note that, by order dated February 5, 2026, this Court dismissed Walker's appeal for failure to file a brief. On February 25, 2026, Walker filed an application to reinstate his appeal, claiming that his failure to file a brief "was not due to willful disregard of court rules or lack of interest in prosecuting the appeal, but rather was the direct result of serious health issues that prevented [Walker] from meeting the filing deadline." Motion to Reinstate Appeal, 2/25/26, at ¶ 13. On February 25, 2026, this Court issued an order reinstating Walker's appeal and cautioned him that "[f]ailure to file a brief by [April 2, 2026] **shall result in re-dismissal of the appeal**, without warning." Order, 2/25/26 (emphasis added). Walker did not comply with that directive, instead filing his brief five days late, on April 7, 2026. As such, we could have dismissed his appeal for that reason alone.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/22/2026</u>